## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lawrence K. Hinkle,**
**Petitioner Below, Petitioner**

**vs)**     **No. 19-0941** (Mingo County 12-C-320)

**Charles Williams, Superintendent, Huttonsville**
**Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lawrence K. Hinkle, self-represented litigant, appeals the August 19, 2019, order of the Circuit Court of Mingo County denying his second petition for a writ of habeas corpus. Respondent Charles Williams, Superintendent, Huttonsville Correctional Center, by counsel Lara K. Bissett, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1998, petitioner was indicted on two counts of first-degree murder. The second killing occurred while petitioner was free on bond following the first killing. On June 1, 1998, petitioner entered into a plea agreement with the State. Pursuant to the plea agreement, petitioner agreed to plead guilty to voluntary manslaughter with regard to the first killing and to first-degree murder with regard to the second killing in exchange for a recommendation of mercy. The State further agreed to make a non-binding recommendation that petitioner serve his sentences of incarceration concurrently. At a June 1, 1998, plea hearing, the circuit court questioned petitioner as to whether those terms constituted the entirety of the parties' agreement and whether petitioner was promised anything not contained within the plea agreement:

> Q.     Now that I have read to you the plea letter of June 1st in open court in its entirely, is that the entire agreement that you have with the State of West Virginia?

1

A.    Yes, sir.

Q.    Is there anything else whatsoever that you think has been promised to you or that's a part of your plea agreement that is not set forth in this letter.

A.    No.

Following its full colloquy with petitioner,[1] the circuit court found that he voluntarily, intelligently, and knowingly entered a guilty plea to the offense of voluntary manslaughter with regard to the first killing and a guilty plea to the offense of first-degree murder with regard to the second killing. At a July 20, 1998, sentencing hearing, petitioner's trial attorney informed the circuit court that petitioner was initially reluctant to accept the plea agreement because petitioner did not believe that he "deserved" the lesser punishment that might result from a plea bargain, but that petitioner's friend helped to persuade him to agree to the State's plea offer. Trial counsel explained:

> . . . I went to a family friend of [petitioner] and together we talked to him, cried, talked, cried . . . . [Petitioner] didn't think he deserved the deal. The reason this finally ended in a plea is because [petitioner] seemed to realize that this plea offer not only was for him[,] it was also for members of both families and his family.

The circuit court sentenced petitioner to a life term of incarceration for his first-degree murder conviction, with the possibility of parole, and to fifteen years for his voluntary manslaughter conviction.[2] Petitioner did not file an appeal in his criminal case.

On January 10, 2011, petitioner filed a petition for a writ of habeas corpus. The petition was filed by attorney Charles S. West, whom petitioner's family retained to represent him in his first habeas proceeding. Petitioner identifies Mr. West as the family friend who helped to persuade him to agree to the State's plea offer in his criminal case. In the first habeas proceeding, the circuit court held an evidentiary hearing on May 31, 2011. Mr. West presented the testimony of several witnesses including petitioner and petitioner's trial counsel. Among the grounds for relief raised by Mr. West was the claim that petitioner's guilty pleas were invalid.[3] However, neither petitioner nor Mr. West informed the circuit court of Mr. West's involvement in persuading petitioner to

---

[1] *See Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).

[2] The circuit court ordered that petitioner serve his sentences consecutively. However, by resentencing order entered on June 13, 2018, the circuit court imposed concurrent sentences, noting that the State "agreed with the [c]ourt running the sentences concurrently."

[3] Petitioner's other grounds for relief in his first habeas proceeding were: (1) excessive charges brought by the prosecutor; (2) substantial rights prejudiced by trial court errors; (3) insufficient evidence; (4) appropriate deadly force used against intruder(s); and (5) ineffective assistance of trial counsel.

accept the plea agreement. By order entered June 10, 2011, the circuit court rejected petitioner's grounds for relief and denied his petition for a writ of habeas corpus. Petitioner did not appeal the denial of his first petition.

On December 13, 2012, petitioner filed a second habeas petition alleging ineffective assistance of habeas counsel. Petitioner was appointed counsel, who filed an amended petition on March 12, 2018. Petitioner argued that Mr. West had a conflict of interest that he should have disclosed to the circuit court in the prior habeas proceeding. Petitioner alleged that, in persuading petitioner to accept the plea agreement, Mr. West told him that, after petitioner served ten years of incarceration, Mr. West would "do something to get him released." Following a March 13, 2018, evidentiary hearing, in a brief order entered on April 9, 2018, the circuit court dismissed the second petition, erroneously finding that petitioner raised "no new grounds [for relief]."

Petitioner appealed the circuit court's April 9, 2018, order in *Hinkle v. Binion*, No. 18-0420, 2019 WL 2521782 (W. Va. June 19, 2019) (memorandum decision), acknowledging that his ability to raise other claims that were either adjudicated or waived in the first habeas proceeding depended on whether he could show that Mr. West provided ineffective assistance in the second proceeding. *Id.* at *2 n.7.[4] Petitioner argued that the circuit court failed provide adequate findings of fact and conclusions of law with regard to his claim that Mr. West had a conflict of interest in the first habeas proceeding. *Id.* at *3. In reversing the April 9, 2018, order, this Court agreed with petitioner and remanded the case to the circuit court with directions to set forth findings of fact and conclusions of law regarding petitioner's claim that he received ineffective assistance in his first habeas proceeding. *Id.*

By order entered on August 19, 2019, the circuit court found that petitioner failed to "call [Mr.] West as a witness . . . [or] present any other evidence as to the [alleged] ineffective assistance of [habeas] counsel at the [March 13, 2018,] omnibus evidentiary hearing[.]" Accordingly, the circuit court further found that petitioner failed to show that Mr. West's performance was "deficient under an objective standard" or that, "but for counsel's unprofessional errors, the results of the proceedings would have been different." Therefore, the circuit court denied the second habeas petition.

Petitioner now appeals the circuit court's August 19, 2018, order. This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[4]In addition to his ineffective assistance of habeas counsel claim, petitioner, in his second habeas petition, raised other grounds for relief: (1) excessive charges brought by the prosecutor; (2) ineffective assistance of trial counsel; and (3) severer sentence than expected.

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), in which this Court held, in pertinent part, that "[a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known," but that "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" Furthermore, "[o]n an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)).

On appeal, petitioner argues that the circuit court erred in denying his second habeas petition because Mr. West provided ineffective assistance in the first habeas proceeding. We review claims of ineffective assistance of counsel under the following test:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).[5]

Here, the circuit court found that the *Strickland/Miller* test was not met because, at the March 13, 2018, evidentiary hearing, petitioner failed to "call Mr. West as a witness . . . [or] present any other evidence as to the [alleged] ineffective assistance of [habeas] counsel[.]" Petitioner failed to include the March 13, 2018, transcript in his appendix. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim." Therefore, as the March 13, 2018, transcript is not in the appendix, we decline to review the circuit court's finding that petitioner failed to support his claim of ineffective assistance of habeas with testimony and evidence at that hearing.

---

[5]The second prong of the *Strickland/Miller* test is often referred to as the "prejudice" prong. *See State v. Hutton*, 235 W. Va. 724, 739, 776 S.E.2d 621, 636 (2015).

4

In arguing that we should reverse the circuit court's August 19, 2018, order, petitioner asserts that he is entitled to a presumption of prejudice because a conflict of interest actually affected the adequacy of representation. *See Culyer v. Sullivan*, 446 U.S. 335, 349-50 (1980). In this regard,

> [t]he *Strickland* Court recognized that a claim of ineffective assistance of counsel arising from counsel's conflict of interest presents a special case subject to the standard articulated by [*Sullivan*]. . . . To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under "an actual conflict of interest" that (2) "adversely affected his lawyer's performance." *See Sullivan*, 446 U.S. at 348. After a petitioner satisfies this two-part test, prejudice is presumed. *Sullivan*, 446 U.S. at 349[-50]. . . .

*Mickens v. Taylor*, 240 F.3d 348, 355 (4th Cir. 2001), *aff'd*, 535 U.S. 162 (2002).

Respondent argues that Mr. West did not have an actual conflict of interest. We agree. Petitioner identifies Mr. West as the family friend who helped to persuade him to agree to the State's plea offer in his criminal case, and petitioner's family retained Mr. West to represent petitioner in the first habeas proceeding. If petitioner believed that Mr. West's prior involvement in his case—as a family friend, not an attorney—made Mr. West unsuitable to represent him in the first habeas proceeding, petitioner could have advised his family to hire another attorney, but it appears that petitioner did not do so. Therefore, we find that the presumption set forth in *Sullivan* does not apply to this case.

As petitioner failed to offer any evidence that Mr. West was ineffective as his habeas counsel, we concur with the circuit court's finding that petitioner failed to show that Attorney West's performance was "deficient under an objective standard" or that, "but for counsel's unprofessional errors, the results of the proceedings would have been different." Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition.

For the foregoing reasons, we affirm the circuit court's August 19, 2019, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: November 4, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

6